UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI WHEATON, | No. 2:13-cv-1163 CKD PS |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born March 24, 1963, applied on June 22, 2009 for SSI, alleging disability beginning January 1, 2009. Administrative Transcript ("AT") 55-61. Plaintiff alleged she was unable to work due to COPD and liver problems. AT 87. In a decision dated December 28,

/////

/////

2010, the ALJ determined that plaintiff was not disabled.[1]  AT 22-30.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant has not engaged in substantial gainful activity since June 12, 2009, the application date.[2]
>
> 2.  The claimant has the following severe impairments:  COPD and asthma.
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

[2]  The ALJ's decision appears to contain a typographical error.  The application date was June 22, 2009.  AT 55.  The error is immaterial to the analysis set forth herein.

2

    4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except only occasional climbing of ramps and stairs, no climbing of ladders ropes or scaffolding, occasional crawling, must avoid concentrated exposure to humidity and unprotected heights, must avoid moderate exposure to irritants such a[s] fumes odors dusts gasses and chemicals; additionally, work is limited to simple routine and repetitive tasks involving only simple work related decision with few if any workplace changes.

    5. The claimant is unable to perform any past relevant work.

    6. The claimant was born on March 24, 1963 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

    7. The claimant has a limited education and is able to communicate in English.

    8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

    9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    10. The claimant has not been under a disability, as defined in the Social Security Act, since June 12, 2009, the date the application was filed.

AT 24-29.

ISSUES PRESENTED

Plaintiff appears to argue that a prior claim for benefits should be reopened and that the ALJ accorded too much weight to the opinion of a consultative examining physician.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

1 responsible for determining credibility, resolving conflicts in medical testimony, and resolving
2 ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).
3 "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one
4 rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

5 The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th
6 Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
7 conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not
8 affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see
9 also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the
10 administrative findings, or if there is conflicting evidence supporting a finding of either disability
11 or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
12 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
13 weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

14 ANALYSIS

15    A. Prior Application

16 Plaintiff appears to request that her case be remanded back to the Commissioner so that a
17 determination can be made whether her SSI claim made in 2005 should be reopened to consider
18 an additional impairment of Chronic Obstructive Pulmonary Disease (COPD). Plaintiff did not
19 raise this issue at the hearing before the ALJ or in any of the administrative proceedings.
20 AT 348-368. The court does not have jurisdiction to review a decision of the Commissioner
21 declining to reopen a prior final benefits decision because a decision not to reopen a prior benefits
22 decision is discretionary and therefore not a final decision. However, "an exception exists 'where
23 the . . . denial of a petition to reopen is challenged on constitutional grounds.'" Udd v. Massanari,
24 245 F.3d 1096, 1098-99 (9th Cir. 2001) (quoting Califano v. Sanders, 430 U.S. 99, 107-09, 97 S.
25 Ct. 980 (1977)). "Thus, under certain circumstances, courts may waive a litigant's failure to
26 challenge a 'final decision' with regard to a constitutional claim." Rivera v. Railroad Retirement
27 Bd., 262 F.3d 1005, 1014 (9th Cir. 2001). Plaintiff here raises no claim implicating constitutional
28 /////

concerns. Moreover, plaintiff's allegation that her onset of disability was in January, 2009 undermines any claim that her previous claim from 2005 should be reopened.

### B. Medical Evidence

Plaintiff argues that the ALJ improperly relied on the opinion of consultative examining internal medicine specialist, Dr. Garfinkel, who examined plaintiff on July 30, 2007. AT 28, 131-135. Plaintiff contends that the ALJ should have obtained the opinion of her current treating physician rather than relying on Dr. Garfinkel's opinion, which pre-dated the decision by over three years. In connection with the request for review by the Appeals Council, plaintiff submitted additional records reflecting more recent treatment of plaintiff.[3] AT 8. The additional records submitted to the Appeals Council do not warrant a different conclusion regarding disability. The records demonstrate plaintiff was able to control her COPD symptoms with medication and that without the medications, plaintiff developed difficulties breathing. AT 149 (when admitted to hospital emergency room complaining of difficulty breathing, plaintiff admitted running out of COPD meds two months prior); 242-243, 253, 257-258 (when on meds, plaintiff denied shortness of breath, little or no wheezing on examination). Dr. Garfinkel's opinion, although dated, was also consistent with later findings made in 2009 by other treating physicians, indicating no change

---

[3] The Appeals Council made these records part of the administrative record. Accordingly, this court will review the ALJ's decision under the substantial evidence standard with due consideration of these treatment records. See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, court may properly consider the additional materials because the Appeals Council addressed them in the context of denying plaintiff's request for review); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, court considers both the ALJ's decision and the additional materials submitted to the Appeals Council); Brewes v. Comm'r of Social Sec. Admin., 682 F.3d 1157, 1159-60 (9th Cir. 2012).

Plaintiff also submitted additional records in support of her request for remand. ECF No. 22. A case may be remanded to the Secretary for the consideration of new evidence if the evidence is material and good cause exists for the absence of the evidence from the prior record. Sanchez v. Secretary of HHS, 812 F.2d 509, 511-12 (9th Cir. 1987). In order for new evidence to be "material," the court must find that, had the Secretary considered this evidence, the decision might have been different. The court need only find a reasonable possibility that the new evidence would have changed the outcome of the case. Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984). The additional records are not material. They reflect treatment for COPD from December, 2013 to January, 2014 and post-date the relevant time period by three years.

in plaintiff's medical condition from the time she was examined by Dr. Garfinkel. AT 133, 150, 156 (expiratory wheezing, no rhonchi or rales). The ALJ specifically considered the opinions of the later treating physicians and relied on them in assessing plaintiff with the residual functional capacity to perform light work with restrictions on aerosol components. AT 26, 28. There was no error in the ALJ's analysis of the medical evidence.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 22) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 27) is granted; and

3. Judgment is entered for the Commissioner.

Dated: February 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 wheaton.ss